# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANET DONOVAN,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:14-1657** |
| | : | |
| **v.** | : | **(JUDGE MANNION)** |
| | : | |
| **PITTSTON AREA SCHOOL** | | |
| **DISTRICT***, et al.,* | : | |
| | : | |
| **Defendants** | : | |
| | : | |

## M E M O R A N D U M

Plaintiff Janet Donovan was an administrator in the Pittston Area School District. She was head of curriculum for all grades, and was in charge of writing and applying for grants for the district. During the course of applying for a particular grant, plaintiff was repeatedly contacted by a former school superintendent and a vendor of school supplies who urged plaintiff to involve the vendor in the application. Even after the district did not receive the grant, the vendor and members of the school board continued to pressure her to make purchases from the vendor. Plaintiff did not acquiesce to these demands. Soon after, plaintiff was demoted by the district school board to principal of the intermediate center. Plaintiff alleges that this demotion was retaliatory, and in violation of the Pennsylvania School Code which requires notice and a hearing before a demotion or, in certain situations, after a demotion. She now sues the district and five members of the board alleging

violation of her due process rights.

## I.    BACKGROUND[1]

Plaintiff Janet Donovan alleges that she was Principal in Charge of Curriculum for grades kindergarten through 12 for the Pittston Area School District ("PASD") from 2009 through August 14, 2012. She was a professional employee of PASD. Her job entailed enhancing education programs for the PASD. She administered federal grant programs, Student Assistance Programs, and professional development programs for educators, updated technology and equipment, and oversaw other programs in the district. She reported to the Superintendent, who, at the time, was George Cosgrove. During her time as a professional employee of PASD, she had no disciplinary infractions. Plaintiff had control over spending for the curriculum at PASD, including grants obtained through federal programs, because of the nature of her position. She also was in charge of writing and preparing federal grant applications for PASD.

As part of her duties, plaintiff began to draft an application for the "Keystone to Opportunities" Grant ("KTO Grant") in December 2011, to obtain

---

[1]All facts are taken from plaintiff's amended complaint, (Doc. 9), unless otherwise noted. The facts alleged in plaintiff's amended complaint must be accepted as true in considering the defendants' motion to dismiss. *See* Dieffenbach v. Dept. of Revenue, 490 Fed.Appx. 433, 435 (3d Cir. 2012); Evancho v. Evans, 423 F.3d 347, 350 (3d Cir. 2005).

additional funding for PASD. A former superintendent, Ross Scarantino, contacted plaintiff and encouraged her to involve one of the school's vendors of school supplies and other materials, Step By Step ("SBS"), in the KTO Grant application process. Through the first few months of 2012, Scarantino and SBS constantly contacted plaintiff and urged her to change the KTO Grant application to meet SBS's specifications.

Troubled by this behavior, plaintiff repeatedly notified Superintendent Cosgrove and District Principal Dr. John Lussi of her concerns about the involvement of Scarantino and SBS. Ultimately, the KTO Grant was not awarded to PASD due to a lack of diversity at PASD. However, Scarantino and a member of the PASD Board of Education, defendant Charles Sciandra, began to demand that plaintiff still make purchases for the school from SBS. Plaintiff resisted these demands, continuing to inform PASD and its administrators of her concerns through May and June of 2012.

Defendant Sciandra, aware of plaintiff's unwillingness to purchase from SBS, said to Dr. Lussi and Cosgrove, within the hearing of plaintiff, that "someone's going to pay for this." Plaintiff alleges that shortly after defendant Sciandra made that statement, it had become clear to her that members of the PASD Board of Education were prepared to take action against some administrators in the district. Also, some time after Sciandra's comment, in June 2012, Superintendent Cosgrove resigned.

Dr. Lussi maintained his position until August 14, 2012, when he

submitted a letter of retirement effective December 21, 2012 to the Board of Education at an August 14, 2012 meeting. At that same August 2012 meeting, plaintiff was, without advanced warning, notice or a hearing, demoted by the defendants from "Principal in Charge of Curriculum for Grades Kindergarten through 12th Grade" to "Intermediate Center Principal" for 3rd through 5th grades. Plaintiff states that the demotion from a district-wide curriculum position took away many of her duties, including her coordination of federal programs and fifty-two distinct planning and policy initiatives she had overseen in her previous position. Defendant board members Sciandra, Anthony Guariglia, Bruce Knick, Kent Bratlee, and John Donahue voted in favor of plaintiff's demotion. As Exhibit A to her amended pleading, plaintiff attaches Minutes of the August 14, 2012 PASD Board of Education Meeting. Plaintiff tried to defend her achievements at the August 14, 2012 meeting, but was nevertheless demoted without cause and without her consent. Plaintiff states that defendants intentionally did not afford her notice or a hearing at any time, nor an opportunity to appear before the PASD Board to address her demotion. Plaintiff avers that her demotion removed all of her administrative duties and constituted a retaliatory action for her perceived failures to follow the demands of certain members of the PASD Board of Education regarding SBS. Plaintiff asserts that the PASD organizational chart attached to her amended complaint demonstrates that the change in her position constituted a demotion, and that the organizational chart was changed following her

4

demotion.

Plaintiff contends that she sought the reason for her demotion, and was told by Sciandra that "there are younger administrators that want to move up" and by Lussi that she should "go ahead and sue" because her pay had been unchanged.

Plaintiff acknowledges that on September 19, 2012, she received correspondence from John Audi, Esquire, special counsel to defendant PASD, claiming that the "Board is offering [Donovan] a hearing to provide [Donovan] an opportunity to oppose the decision and to defend against it." Exhibit B attached to the amended pleading is the September 19, 2012 letter from Audi. On October 1, 2012, plaintiff notified the defendants of her acceptance of the offer for a post-demotion hearing. The letter of October 1, 2012 is attached as Exhibit C. However, the defendants never responded to plaintiff's acceptance of PASD's offer for a hearing and never gave plaintiff a post-demotion hearing. Nor did the defendants ever issue any written or formal decision from which plaintiff could take an appeal. In fact, the defendants continuously tried to prevent plaintiff from taking any action against them. As such, plaintiff avers "the actions of the defendants in not only failing to hold the hearing that they offered, but to take affirmative steps to dissuade [her] from taking further action is evidence that all statutory remedies have been addressed or waived by PASD as a result of their actions confirming that a hearing was necessary and going to be provided." Plaintiff

5

further alleges that PASD personnel, including the solicitor and the superintendent, told her not to take any action, and specifically not sue.

She also states that they deliberately kept her $100,000 per annum salary the same to avoid conducting a hearing on her demotion and change in position, and that the facts show her demotion was not for budgetary reasons as defendants claimed. The demotion also allowed defendants to keep her salary lower than the other administrators in PASD.

After serving as Intermediate Center Principal for one year, on August 1, 2013, plaintiff was voted to "Director of Curriculum" by the Board of Education, but did not fully return to her previous duties. Specifically, she did not have spending authority over the federal grant program, although she resumed working on curriculum for grades kindergarten through 12. Plaintiff alleges that throughout her time at PASD, she was paid approximately $12,000.00 less per year than other administrators on the same level as her on the PASD Organizational Chart.

Plaintiff states that the actions of the individual defendants, Guariglia, Knick, Bratlee, Donahue and Sciandra, were arbitrary and capricious, and in direct and willful contravention of Pennsylvania law.

Plaintiff thus brings the instant suit with the following claims against the PASD and five board of education members Guariglia, Knick, Bratlee, Donahue, and Sciandra: Count I for a declaratory judgment that all defendants violated 24 P.S. §11-1151 by failing to hold a hearing for plaintiff

6

regarding her demotion without her consent; Count II for a violation of her constitutional due process rights for the failure of all defendants to abide by 24 P.S. §11-1151;[2] and Count III for assumpsit for back pay against all defendants. Plaintiff sues the five board of education members in both their individual and official capacities as board members.

Plaintiff filed this case in the Luzerne County Court of Common Pleas on August 14, 2014. Defendants removed the case on August 25, 2014, alleging that jurisdiction is proper pursuant to 28 U.S.C. §1331 because plaintiff avers a violation of her due process rights under the Fourteenth Amendment of the U.S. Constitution. (Doc. 1). They also assert that the court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. §1367. Defendants filed a motion to dismiss plaintiff's original complaint on September 3, 2014, (Doc. 3), and plaintiff filed a motion for leave to amend her complaint. (Doc. 7). The court granted, in part, plaintiff's motion to the extent that the amended complaint remedied the original complaint's failure to allege that there was an exhaustion of statutory remedies. The court then dismissed defendants' motion to dismiss without

_____

[2]Although plaintiff does not indicate that her due process claim is brought pursuant to 42 U.S.C. §1983, the claim is for violation of federal constitutional rights against the school district and its board members. The school district and the board members are state actors for purpose of §1983. *See* Kline ex rel. Arndt v. Mansfield, 454 F.Supp.2d 258, 262 (E.D.Pa. 2006). Accordingly, the court notes that Count II is a Fourteenth Amendment claim under §1983.

prejudice, (Doc. 10), after plaintiff filed an amended complaint. (Doc. 9).The

defendants then filed a motion to dismiss the amended complaint. (Doc. 11).

The motion has been briefed and is ripe for disposition. (Docs. 12, 18, 19).

## II.    STANDARD OF REVIEW

The defendant's motion to dismiss is brought pursuant to the provisions

of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint,

in whole or in part, if the plaintiff fails to state a claim upon which relief can be

granted. The moving party bears the burden of showing that no claim has

been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and

dismissal is appropriate only if, accepting all of the facts alleged in the

complaint as true, the plaintiff has failed to plead "enough facts to state a

claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550

U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language

found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must

be sufficient to "raise a right to relief above the speculative level." Twombly,

550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s]

to raise a reasonable expectation that discovery will reveal evidence of"

necessary elements of the plaintiff's cause of action. Id. Furthermore, in order

to satisfy federal pleading requirements, the plaintiff must "provide the

grounds of his entitlement to relief," which "requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action

8

will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (*quoting* Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. See Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See* Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v.

Parker, 363 F.3d 229, 236 (3d Cir. 2004).

## III.    DISCUSSION

### A.    Monell Claim and Official Capacity Claim

Since plaintiff names PASD as a defendant and alleges that it violated her constitutional rights, the standards annunciated in *Monell v. Department of Social Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), apply to her due process claim against PASD. *See* McGreevy v. Stroup, 413 F.3d 359, 367–69 (3d Cir. 2005) (school district is subject to liability in a §1983 action under *Monell* ). Plaintiff's amended complaint does not state a proper municipal liability claim against PASD under Monell. *See* Moeck v. Pleasant Valley School Dist., 983 F.Supp.2d 516, 524 (M.D.Pa. 2013). "Municipal employers, such as school districts, ... , cannot be held vicariously liable for the constitutional violations committed by their employees." Id. "Municipal liability only attaches when a plaintiff demonstrates that an official policy or custom caused the asserted constitutional deprivation." Id.; Mann v. Palmerton Area School Dist., 33 F.Supp.3d 530, 540-41 (M.D.Pa. 2014).

Plaintiff also must allege that PASD unconstitutionally implemented or executed a policy statement, ordinance, regulation, decision or custom leading to the stated violations of her constitutional rights. Mann v. Palmerton Area School Dist., 33 F.Supp.3d at 540. Additionally, if the policy at issue relates to a failure to train or supervise municipal employees, "liability under

10

section 1983 requires a showing that the failure amounts to 'deliberate indifference' to the rights of persons with whom those employees will come into contact." *Carter v. City of Phila*., 181 F.3d 339, 357 (3d Cir. 1999) (citation omitted).

Thus, plaintiff's constitutional claim against PASD is **DISMISSED WITHOUT PREJUDICE** to file a second amended complaint to properly state her procedural due process claim against this defendant under *Monell*.

Additionally, to the extent plaintiff names the five board of education members as defendants in addition to PASD and sues them in their individual and official capacities, these defendants, in their official capacities, are part of the district itself. *See* Kentucky v. Graham, 473 U.S. 159, 165-166 (1985) (Section1983 suits against individuals in their official capacities "represent only another way of pleading an action against an entity of which an officer is an agent.") (citation omitted). Thus, plaintiff's claims against the five board of education members in their official capacities are redundant of the claims plaintiff asserts against PASD. *See* Swedron v. Borough, 2008 WL 5051399, *4 (W.D. Pa. Nov. 21, 2008) (Court held that official capacity claims under §1983 against defendant police officers should be dismissed since they were redundant of the claims against defendant Borough) (citing *Gregory v. Chehi*, 843 F.2d 111, 120 (3d Cir. 1988)); *Brice v. City of York*, 528 F.Supp.2d 504, 516 n. 19 (M.D. Pa. 2007) ("claims against state official in their official capacities merge as a matter of law with the municipality that employs

11

them."); *Burton v. City of Phila*., 121 F.Supp.2d 810 (E.D. Pa. 2000). As such, plaintiff's claims against the five board of education members in their official capacities are **DISMISSED WITH PREJUDICE**.

### B.     Exhaustion of Administrative Remedies

*1.     Count II, Due Process Claim under Section 1983*

Defendants first argue that the court does not have jurisdiction over any of plaintiff's claims because she failed to exhaust her administrative remedies under the Pennsylvania Public School Code of 1949, 24 P.S. §§11-1127, *et seq*. Defendants state that "[t]he School Code sets forth a statutory remedy and mandates an administrative process for challenging demotions that culminates in disposition by the [Pennsylvania] Secretary [of the Department of  Education]." (Doc. 19, at 1-2) (citing Merritt v. W. Mifflin Area Sch. Dist., 56 Pa. Commw. 126, 424 A.2d 572 (Pa. Cmwlth. 1981). They argue that because there is an exclusive statutorily mandated process for demoted professional employees providing a hearing before the board of school directors and an appeal to the Secretary of the Department of Education and then to the Pennsylvania Commonwealth Court, and because plaintiff has not pursued those administrative remedies, plaintiff may not bring her claims in court. In fact, defendants state that "the Pennsylvania Supreme Court has ruled that the exclusivity of the procedural remedies provided by Sections 1127 to 1131 of the School Code, 24 P.S. §§11-1127-11-1131, precludes

abandonment of statutory procedures in favor of an action in the court of common pleas." (Id., at 2) (citing Jackson v. Centennial Sch. Dist., 509 Pa. 101, 501 A.2d 218 (1985)).

Plaintiff alleges, plausibly, that she was demoted. "A demotion is 'a reassignment to a position which has less authority, prestige or salary.'" Dotterer v. School Dist. Of City of Allentown, 92 A.3d 875, 881 (Pa. Cmwlth. 2014) (*quoting* Hritz v. Laurel Highlands Sch. Dist., 648 A.2d 108, 110 (Pa. Cmwlth1994)). "Demotions are presumptively valid, and the employee has the heavy burden of proving that the School Board acted arbitrarily or upon improper considerations." Kemp v. City of Pittsburgh Pub. Sch. Dist., 933 A.2d 130, 132 n. 5 (Pa.Cmwlth. 2007) (citation omitted). On the facts alleged by plaintiff, it is clear that some of her authority, power, and prestige were taken from her without her consent despite the fact that her salary remained the same. Given that plaintiff sufficiently avers she was demoted, 24 P.S. §11-1151 applies to her case.

The School Code, 24 P.S. §11-1151, provides that:

there shall be no demotion of any professional employee either in salary or in type of position, except as otherwise provided in this act, without the consent of the employee, or, if such consent is not received, then such demotion shall be subject to the right to a hearing before the board of school directors and an appeal in the same manner as hereinbefore provided in the case of the dismissal of a professional employee [requiring an appeal to the Secretary under Section 1131 of the School Code, 24 P.S. §11–1131].

The procedure for dismissal of a professional employee is set forth in in 24 P.S. §§11-1127 through 11-1131, and provides for notice and hearing before the board of school directors and a detailed statement of the charges against the employee, for a 2/3 vote by school board members to effectuate dismissal, and for an appeal by petition to the Secretary of Education. 24 P.S. §11-1132 provides for an appeal of the decision of the Secretary by the provisions of the Administrative Agency Law. "Thus, the School Code sets forth a statutory remedy and mandates an administrative process for challenging demotions that culminates in disposition by the Secretary." Dotterer v. School District of Allentown, 92 A.3d at 881.

Defendants argue that given the existing statutory procedures, and despite the alleged assurances that they would hold a hearing and the alleged requests that plaintiff refrain from taking any further action, plaintiff's proper course of action was an appeal to the Secretary of Education. Plaintiff alleges that she was not given a hearing by the board, and that she was not given written notice or a statement of the reasons for her demotion, despite her attempts to ask for the reasons for her demotion and a chance to be heard. Plaintiff also alleges that she was promised a hearing would be held after her demotion and that she was repeatedly requested not to pursue a legal action regarding her demotion. These allegations, if true, including the alleged delay in scheduling a demotion hearing, would indicate failure to follow the School Code on the part of the board. The question is whether plaintiff's failure to

14

appeal to the Secretary precludes her due process claim under §1983.

Defendants contend plaintiff was still required to pursue her statutory remedies and cite to Dotterer, 92 A.3d at 882 (proper remedy if board denies or delays demoted individual a hearing is an appeal to the Secretary). *See also* Black v. Board of Bd. of Directors of West Chester Area School Dist., 98 Pa.Cmwlth. 91, 510 A.2d 912, 915 (Pa. Cmwlth. 1986) (argument that no event triggered an appeal to the Secretary of Education was without merit); Wolff v. Bd. of School Directors of Chichester School Dist., 429 A.2d 129, 130 (Pa. Cmwlth. 1981) (a "board's refusal to hold a hearing and its failure to specify the charges upon which [a] dismissal was based are both grounds which would trigger an appeal to the Secretary"). The claims of plaintiff, a professional employee of PASD, regarding her demotion are within the Secretary's exclusive jurisdiction, and the School Code provided adequate remedies that plaintiff was required to use. "[The Pennsylvania] Supreme Court has ruled that the exclusivity of the procedural remedies provided by Sections 1127 to 1131 of the School Code, 24 P.S. §§11–1127–11–1131, precludes abandonment of statutory procedures in favor of an action in the court of common pleas." Dotterer v. School District of Allentown, 92 A.3d at 882 (citing Jackson v. Centennial Sch. Dist., 509 Pa. 101, 501 A.2d 218 (1985). Thus, it is clear that "the School Code requires professional employees to pursue the adequate administrative remedy thereunder." Id., at 880 n. 4 (citing *Wolff, supra*). However, these remedies do not preclude

15

plaintiff Donovan's due process claim under §1983 in which she alleges that she never received a written decision from the board from which to appeal to the Secretary and she did not waive her right to a demotion hearing as the plaintiff in *Dotterer* did.

The defendants argue that the plaintiff has failed to exhaust available administrative remedies to contest her demotion, barring any due process claims. "The Supreme Court has consistently noted that exhaustion of state remedies, whether judicial or administrative, is not required prior to the commencement of an action under 42 U.S.C. §1983 in federal court." *Hochman v. Board of Ed. Of City of Newark*, 534 F.2d 1094, 1096 (3d Cir. 1976). "The aim of Section 1983 is to offer a remedy in federal court for plaintiffs whose civil rights are violated 'supplementary to any remedy any State might have.'" Schimes v. Barrett, 2010 WL 1330179, *5 (M.D.Pa., March 30, 2010) (quoting Hochman, 534 F.2d at 1096).

In *Hochman*, a mathematics teacher who was not tenured filed an action against his employer under 42 U.S.C. §1983. Hochman alleged that he was unlawfully terminated from his teaching position in retaliation for exercising his First Amendment rights. Hochman, 534 F.2d at 1095. The district court dismissed Hochman's claims for failure to exhaust his administrative remedies. The Third Circuit reversed and held that exhaustion of administrative or state judicial remedies cannot be required before a person may bring a §1983 action. Id. at 1097. In particular, the Third Circuit found

16

that when a person alleges "violation of First Amendment rights, as Hochman does here, we may not insist that he first seek his remedies elsewhere no matter how adequate those remedies may be." Id. In U. S. ex rel. Ricketts v. Lightcap, 567 F.2d 1226, 1229 (3d Cir. 1977), the Third Circuit stated, "[t]he general rule in actions under section 1983 is that state remedies need not be exhausted as a prerequisite to federal jurisdiction." The Third Circuit also stated that it "has agreed with the view of the majority of courts of appeals that administrative remedies, irrespective of their adequacy, need not be exhausted by a plaintiff seeking a federal remedy under section 1983." Id. (citing Hochman v. Board of Education, 534 F.2d 1094 (3d Cir. 1976)); *see also* Freeland v. Lower Merion School Dist., 1995 WL 129200, \*4 (E.D.Pa. March 24, 1995) ("where a plaintiff's §1983 action is founded upon an alleged violation of the Constitution, she need not exhaust any available administrative remedies.") (citing Heck v. Humphrey, 114 S.Ct. 2364, 2369 (1994); *Hochman, supra*)).

In this case, the plaintiff need not exhaust her administrative remedies before filing her §1983 claim. *See* Moffitt v. Tunkhannock Area School Dist., 2013 WL 6909958, \*3 M.D.Pa. Dec. 31, 2013; *Schimes v. Barrett, supra*. Thus, defendants' motion to dismiss Count II, plaintiff's constitutional due process claim, based on her failure to exhaust administrative remedies under the School Code will be denied.

Plaintiff must still properly state a due process claim under the 14th

Amendment. To establish a claim under §1983, a person must prove that someone deprived him of a constitutional right while acting under the color of state law. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). Liability under §1983 is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or actual knowledge and acquiescence. *See* Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997)(overturned on other grounds) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). Acquiescence exists where "a supervisor with authority over a subordinate knows that the subordinate is violating someone's rights but fails to act to stop the subordinate from doing so." Festa v. Jordan, 803 F.Supp. 2d 319, 325 (M.D. Pa. 2011) (quoting Robinson, 120 F.3d at 1294).

The 14th Amendment prohibits a state from "depriv[ing] any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, §1. "[A] procedural due process analysis involves a two step inquiry: (1) does the complaining party have a protected liberty or property interest and, if so, (2) does the available process comport with all constitutional requirements." Bowen v. Ryan, 2006 WL 3437287 (M.D. Pa. Nov. 29, 2006) aff'd, 248 F.App'x 302 (3d Cir. 2007); *see also* Shoats v. Horn, 213 F.3d 140, 143 (3d Cir. 2000). To have a property interest in a job, "a person must have more than a unilateral expectation of continued employment; rather, she must have a legitimate entitlement to such continued employment." Hill v. Borough of

Kutztown, 455 F.3d 225, 234 (*citing* Elmore v. Cleary, 399 F.3d 279, 282 (3d Cir. 2005)). Whether a legitimate entitlement exists is a question of state law. Hill, 455 F.3d at 234.

Under Pennsylvania law, "[a] local government in Pennsylvania cannot provide its employees with tenure status unless there exists some express legislative authority for doing so." Elmore, 399 F.3d at 282 (*citing* Stumpp v. Stroudsburg Mun. Auth., 659 A.2d 333, 334 (Pa. 1995)). The Pennsylvania legislature has granted professional employees a tenure status, and thus a protected property interest in their jobs, specifying requirements for termination of a contract. 24 Pa.C.S. §11–1122. Certified teachers are professional employees. 24 Pa. C.S. §11–1101(1). Pennsylvania requires that public school teachers hold a certificate. 24 Pa.C.S. §12-1201. A contract for employment also confers a property right when "the contract itself includes a provision that the state entity can terminate the contract only for cause." Dee v. Borough of Dunmore, 549 F.3d 225, 230-31 (3d Cir. 2008) (*citing* Unger v. Nat'l Residents Matching Prog., 928 F.2d 1392 (3d Cir. 1991)).

"Denial of continued public employment can also constitute deprivation of a liberty interest." Baraka v. McGreevey, 481 F.3d 187, 209 (3d Cir. 2007) (*citing* Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 573 (1972))." In the public employment context, this liberty interest arises "[w]here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him." Roth, 408 U.S. at 573 (*quoting*

Wisconsin v. Constantineau, 400 U.S. 433, 437 (1971)).

Plaintiff alleges that she is a protected employee under the PASD's Act 93 Administrator Compensation Plan and the Administrator Compensation Plan is a contract which entitles her to the same rights as other administrators. Plaintiff also alleges that her good name, reputation, honor, and integrity is at stake because of her demotion by defendants. Plaintiff has stated that she has a protected property and liberty interest. *See* Lewis v. Sch. Dist. of Philadelphia, 690 A.2d 814, 817 (Pa.Commw.Ct. 1997) ("public school employees have a [due process] property right in their expectation of continued employment") (citations omitted). Defendants correctly point out that the Third Circuit has found that "employment decisions which do not terminate or abridge [a plaintiff's] employment contract, and which could be litigated in state tribunals, do not constitute deprivations of property interests under the fourteenth amendment." Rode v. Dellarciprete, 845 F.2d 1195, 1205 (3d Cir. 1988). Plaintiff's allegation in her amended complaint indicate that her rights under the Administrator Compensation Plan have been violated by her demotion and, that she was not treated the same as other PASD administrators and not paid the same as other administrators due to the demotion. Plaintiff has alleged that her job title was changed and she suffered from a loss of higher pay as well as a substantial reduction in many of her duties, responsibilities, and authority. Thus, she has sufficiently alleged a deprivation of a protected liberty or property interest.

Having determined that plaintiff has a protected property interest, the court thus moves on to the second step of the due process analysis to determine whether the process available to plaintiff was constitutional. "Pre-deprivation due process is satisfied if, prior to the deprivation, a public employee is given: (1) written or oral notice of the charges; (2) an adequate explanation of the evidence; and (3) an adequate opportunity to present her side of the story." Belas v. Juniata Cty. School Dist., 2005 WL 2100666, at *7 (M.D. Pa. Aug, 26, 2005) (*citing* McDaniels v. Flick, 59 F.3d 446, 454 (3d Cir. 1995)). Plaintiff alleges that she was not provided a meaningful notice and opportunity to be heard both before and after her demotion and, that the defendants failed to conduct a demotion hearing as required.

Plaintiff alleges that she has a property interest in her employment as an administrator for PASD and that defendants deprived her of her position as Principal of Curriculum without affording her due process. (Doc. 9, at 30-31). Plaintiff has stated a 14th Amendment procedural due process claim under §1983 against the five individual defendants and this claim shall proceed. *See* Mosley v. City of Pittsburgh Public School Dist., 702 F.Supp.2d 561, 574 (W.D.Pa. 2010) ("The essential elements of due process are notice and an opportunity to be heard in a meaningful manner and at a meaningful time under the circumstances.") (citing Loudermill, 470 U.S. at 542, 105 S.Ct. 1487). As discussed, she has not properly stated a municipal liability claim against defendant PASD under *Monell.*

21

Plaintiff's amended complaint does not specify whether she is claiming a violation of both her procedural and substantive due process rights, regardless the law as relates to both substantive and procedural due process is addressed herein.

Plaintiff has not stated a cognizable 14th Amendment substantive due process claim against any defendant. "The substantive protections of the Due Process Clause apply in an extremely narrow range of circumstances, when the conduct at issue is so irrational as to 'shock the conscience.'" Johnston v. Dauphin Borough, 2006 WL 1410766, at *6 (M.D. Pa. May 22, 2006) (*citing* United Artists Theatre Circuit, Inc. v. Twp. of Warrington, 316 F.3d 392, 402 (3d Cir. 2003)). Substantive due process protects against "only those activities that have no reasonable relation to legitimate government objectives." Id. To make out a claim for violation of substantive due process, plaintiff must prove that she was deprived of a protected property interest by arbitrary or capricious government action. *See* Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998). For an interest to implicate substantive due process, it must be "'fundamental' under the United States Constitution. Nicholas v. Penn State Univ., 227 F.3d 133, 140 (3d Cir. 2000). The Third Circuit has held that public employment is not a fundamental right entitled to substantive due process protection. Hill, 455 F.3d, at 235, n. 12 (*citing* Nicholas, 227 F.3d, at 142 (collecting Circuit cases deciding that continued public employment is not a fundamental right)).

22

Plaintiff here asserts that she has property and liberty rights in her position as Principal of Curriculum . She also asserts that "[a]s a result of the arbitrary and egregious actions of the Defendants, [she] was without recourse to protect her own interests in her position." (Doc. 9, at ¶166). Third Circuit law establishes that plaintiff's right to continued public employment is not a fundamental right. As such, plaintiff has failed to assert a right protected by substantive due process. *See* Snook v. Midd-West School, 2015 WL 1209756, *10-*11 (M.D.Pa. March 16, 2015) (citing Nicholas v. Penn State Univ., 227 F.3d at 140). Her substantive due process claim is therefore **DISMISSED with prejudice**.

Moreover, defendants contend that the individual defendants are entitled qualified immunity with respect to plaintiff's constitutional claims. At the present pleading stage of this case, and based on the above discussion, it is premature to determine if any defendant is entitled to qualified immunity. *See* Williams v. Papi, 30 Supp.2d 306, 314 (M.D.Pa. July 3, 2014) ("[T]he Third Circuit has cautioned that 'it is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases.'") (quoting Newland v. Reehorst, 328 Fed.Appx. 788, 791 n. 3 (3d Cir. 2009)). As in the court stated in the *Williams* case, "a determination of qualified immunity is inappropriate at the pleading stage." *Id.*

As discussed above, plaintiff has stated a viable 14th Amendment

procedural due process claim under §1983 against the five individual defendants and this claim shall proceed. Thus, when viewing the facts in the amended complaint in the light most favorable to plaintiff, at this stage of the case qualified immunity does not exist as a matter of law. *Id*.; Mann v. Palmerton Area School Dist., 33 F.Supp.3d at 542 (citations omitted). After discovery is conducted by the parties and the factual record is fully developed, defendants can re-assert the qualified immunity defense in a summary judgment motion, if appropriate.

### 2.     Counts I and III, State Law Claims

Plaintiff's claim in Count I for a declaratory judgment that defendants violated 24 P.S. §11-1151 by failing to hold a hearing regarding her demotion without her consent in violation of the Public School Code and her claim in Count III for assumpsit for back pay due to the illegal demotion will be dismissed because plaintiff did not exhaust the statutorily mandated administrative remedies.

Plaintiff argues that the indefinite delay in holding a hearing after her demotion by PASD excuses her from following the administrative process pursuant to the School Code and constituted a waiver by PASD to assert exhaustion as a defense. Defendants contend that to the extent PASD denied or delayed the demotion hearing, plaintiff's proper remedy was still an appeal to the Secretary. Hearings for demotions required by §11-1151 of the School

Code are to be held within 15 days of the written notice of demotion. *See* 24 P.S. §11–1127. Also, "an employee may waive these hearing requirements." Dotterer v. School District of Allentown, 92 A.3d at 882 (citation omitted). There is no claim in the present case that plaintiff waived the 15-day requirement for a hearing provided by §11–1127 or that plaintiff waived her right to a demotion hearing as the plaintiff in *Dotterer* did. Rather, plaintiff states that defendants thwarted the exhaustion requirement by their conduct and by the board's failure to issue any written decision and notice from which she could appeal to the Secretary.

It is true that "to the extent the District denied or delayed a demotion hearing, [plaintiff's] proper remedy was an appeal to the Secretary, not a [] claim in a court ... ." Id. at 882-883 (citing *Black, supra* ("the remedy for the school board's refusal of [demoted professional employee's] hearing request was an appeal to the Secretary."); Norwin Sch. Dist. v. Chlodney, 37 Pa.Cmwlth. 284, 390 A.2d 328 (1978) ("where teacher is demoted without hearing, proper remedy is to appeal *de facto* demotion and school board's failure to respond to hearing request to Secretary, who can order reinstatement with back pay")). Moreover, the court in *Black* held that "the professional employee's remedy for the underlying claim of wrongful demotion was also an appeal to the Secretary, which he failed to timely pursue." Id. However, in the *Black* case, its plaintiff received actual written notice of the board's denial of his request for a hearing and had 30 days thereafter to

appeal to the Secretary under 22 Pa. Code §351.5(a). Also, in the *Dotterer* case, its plaintiff initially waived the timing requirements for scheduling his demotion hearing and later waived his right to a demotion hearing after he retired even though the district eventually scheduled a hearing. Plaintiff Donovan did not receive any written notice from the board regarding its demotion decision or any notice denying plaintiff a hearing. She did not waive the timing requirements for scheduling a demotion hearing. And she did not waive her right to a demotion hearing. As such, the *Black* case and the *Dotterer* case are distinguishable from the instant case.

22 Pa.Code §351.5(a), "Appeals from Denial of a Hearing," states:

> Where the Board refuses to give an employee a hearing under section 1151 or 1122 of the School Code, the employee may appeal to the Secretary within 30 days after receipt by registered mail of the written notice of the decision of the board or may file upon receipt of actual written notice of the denial of the hearing, whichever comes first.

The procedural requirements imposed on a school district demoting a professional employee include the following: "The Board must pass a resolution stating that it had sufficient justification to demote said employee, serve notice of this fact on the employee and advise him of his right to a hearing." Further, "[i]t may not be necessary that the hearing precede the demotion if the demotion is necessitated by budgetary constraints." Black, 510 A.2d at 914-15 (citations omitted). The record in the present case reveals that the board passed a motion to change plaintiff's position, allowed plaintiff

to address the board regarding the change and, then formally voted in favor of the change and noted budgetary reasons. The motion to change plaintiff's position passed by a 5 to 4 vote. Plaintiff sues the 5 directors who voted in favor of the motion to change her position. (Doc. 9-1, at 16-19).

The initial decision to demote plaintiff was contained in the Minutes of the August 14, 2012 PASD Board of Education Meeting. (Doc. 9-1, at 16-19). However, at no time did the board subsequently serve written notice on plaintiff of the change in her position and to advise her of her right to a demotion hearing within 15 days of the notice as required by the School Code. 24 P.S. §§11–1127, 11–1151. Nor did the board issue a written notice of its demotion decision or a written notice denying a post-demotion hearing. In fact, the board offered plaintiff a post-demotion hearing, plaintiff accepted the offer and the board never scheduled the hearing or rescinded its offer.

Regardless, defendants argue that plaintiff's proper recourse was an appeal to the Secretary. Plaintiff alleges that even after she notified the defendants of her acceptance of their offer to conduct a post-demotion hearing on October 1, 2012, through her former counsel Cynthia Pollick, (Docs. 9-2, 9-3), the defendants never responded in writing, by phone, by email, by fax, or through any means of communication to her acceptance of the PASD offer for such a hearing. (Doc. 9, ¶'s 62-63). Further, even though plaintiff continued to expect a hearing would be held and did not rescind her acceptance of the offer for a hearing, to this day she never had a hearing or

received any written confirmation that a hearing would occur. Plaintiff admits in her amended complaint that she did not appeal her demotion to the Secretary contesting its legality despite the lengthy delay in scheduling a hearing or failure to follow the other procedures outlined in the School Code, since she states that there was not any formal decision ever issued by PASD and there was nothing for her to appeal to the Secretary. Plaintiff states that it was incumbent on the defendants to take action since they offered her a post-demotion hearing which she accepted and they never held it. As such, plaintiff contends that the actions of PASD and the individual defendants prevented her from pursuing statutory remedies. (Id., ¶'s 71-77).

The Pennsylvania Supreme Court held that "[w]hen a professional employee claims that he has been demoted it is the school board's duty to grant him a hearing. At that hearing two questions are before the school board: (1) whether or not the professional employee has been demoted either in type of position or salary, and (2) in the event the professional employee has been demoted, the reason for such demotion must be made clear and apparent." Smith v. School District of Darby Township, 388 Pa. 301, 319, 130 A.2d 661, 671 (1957) (footnotes omitted). "While there is a presumption that the board acted in a valid and proper manner, ... , the [employee] should have an opportunity to be heard before the board and at such hearing to present any evidence which he may have indicating that the board's action resulted from arbitrary or discriminatory reasons." Smith, 388 Pa. at 320, 130 A.2d at

672 (internal citations omitted). The heavy burden is on the employee to show the impropriety of the board's action and the board's decision is presumed valid. Kaczmarcik v. Carbondale Area School Dist., 155 Pa.Cmwlth. 294, 625 A.2d 126 (Pa.Cmwlth.1993) (citation omitted). The employee also has the burden of proving that the board's action constituted a demotion. Dep't of Educ. v. Kauffman, 21 Pa.Cmwlth. 89, 91-92, 343 A.2d 391, 392-93 (Pa.Cmwlth.1975). Following the hearing, if it is determined that the employee has been demoted and that the demotion was based on some arbitrary or discriminatory reason or founded upon improper considerations, the employee is entitled to relief. Smith, 388 Pa. at 320, 130 A.2d at 672.

"The demotion, ..., cannot become effective until After the hearing has taken place." Norwin Sch. Dist. v. Chlodney, 37 Pa.Cmwlth. at 287, 390 A.2d at 330 (citing Tassone v. Redstone Twp. Sch. Dist., 408 Pa. 290, 294, 183 A.2d 536, 539 (1962)) (emphasis original). "Therefore, where, as here, a professional employee has been demoted without the hearing required by the School Code, the demotion is void and reinstatement is the proper remedy." Id. (citations omitted)[3]; *see also* Migliore v. School Dist. of Philadelphia, 2013 WL 3156533, *3 (Pa.Cmwlth. June 18, 2013) (the Commonwealth Court held that demotion of professional employee was legally ineffective because

---

[3]The decision in the case of Norwin Sch. Dist. v. Chlodney was August 22, 1978, which was after 22 Pa. Code §351.5(a) was adopted on April 1. 1978.

school district did not hold a hearing before he was demoted); Patchel v. Board of School Directors of Wilkinsburg School District, 42 Pa.Cmwlth. 34, 400 A.2d 229, 231 (Pa.Cmwlth.1979) (Court indicated that a demotion of a professional employee could occur before a hearing, but the demotion did not become effective until after a hearing).

It is clear that plaintiff Donovan has failed to exhaust her administrative remedies with respect to her state law claims, Counts I and III. It also appears that while the PASD Board formally voted on the change in plaintiff's position in its August 14, 2012 Education Meeting, plaintiff did not have the required hearing and she did not receive a written decision. Nor did plaintiff receive a denial of her acceptance of the board's offer to conduct a post-demotion hearing. The case of *Norwin Sch. Dist. v. Chlodney* is instructive. In this case, after the board advised plaintiff that she was being reduced from a full time teacher to half time with a reduction in salary, she requested a hearing before the board. The board failed to respond to plaintiff's request for a hearing and plaintiff filed an appeal with the Secretary. The Secretary ordered plaintiff reinstated as a full time teacher. The district appealed to the PA Commonwealth Court which found that plaintiff was demoted, that the demotion was nonconsensual, that the board was required to hold a hearing, and that since no hearing was held, the demotion was void. Thus, in *Norwin*, the Commonwealth Court affirmed the order of the Secretary reinstating the plaintiff to her full time position and her salary. The court in *Norwin* also

30

indicated that its decision did not preclude the board from subsequently demoting the teacher after it held the required hearing. *See also Patchel, supra* (Court reinstated plaintiff to his position as principal until the board held a hearing and decided to demote him).

As such, plaintiff Donovan could have appealed her demotion without a hearing to the Secretary since it was void. *See* Greater Nanticoke Area Sch. Dist. v. Greater Nanticoke Area Educ. Ass'n, 760 A.2d 1214, 2120 (Pa.Cmwlth. 2000) (The court in *Norwin* held that a transfer of a teacher from full time to part time position was a demotion under §1151 of the School Code and that an appeal of a demotion must be taken to the Secretary). The Secretary would have then determined if plaintiff's reassignment constituted a demotion, and if a demotion occurred without a hearing rendering the demotion void, could have ordered plaintiff's reinstatement. Thus, the lack of a post-demotion hearing did not deprive plaintiff of her statutory remedy, and did not render the statutory provisions in the School Code requiring an appeal to the Secretary unavailable. *See Norwin Sch. Dist. v. Chlodney, supra*. While she claims that such an appeal was unavailable since defendants delayed scheduling a post-demotion hearing and did not issue a written decision, as discussed above, this did not excuse her from pursuing a statutory appeal to the Secretary, who has exclusive authority to review demotions of professional employees and who has authority to reinstate a professional employee demoted without a hearing. *See* Butterfield v. Dover Area School

Dist., 2013 WL 3946241, *2 n. 4 (Pa.Cmwlth. Feb. 07, 2013) (citing Kemp v. City of Pittsburgh Pub. Sch. Dist., 933 A.2d 130 (Pa.Cmwlth. 2007) ("Demotions are exclusively reviewed by the Secretary of Education, whose decisions are appealable to [the PA Commonwealth] Court."); *Tassone v. Redstone, Twp. Sch. Dist., supra* (PA Supreme Court affirmed order reinstating professional employee without a hearing).

The failure of plaintiff to exhaust her statutory remedies precludes the court from exercising jurisdiction over her state law claims. Pennsylvania courts have long held that where a statutory remedy is available, "the procedure prescribed by the statute must be strictly pursued, to the exclusion of other methods of redress." Com., Dept. of Env. Protection v. Cromwell Tp., Huntingdon County, 32 A.3d 619, 649, n.11 (Pa. 2011) (*citing* Interstate Traveller Servs., Inc., v. Com., Dept. of Env. Resources, 406 A.2d 1020, 1023-24 (Pa. 1979)); Dotterer v. School District of Allentown, 92 A.3d at 881 ("Litigants are required to exhaust adequate and available administrative remedies prior to resorting to judicial remedies." (citing Bayada Nurses, Inc. v. Dep't of Labor & Indus., 607 Pa. 527, 8 A.3d 866 (2010)); Lzog L.P. v. McKean County Bd. Of Com'rs, 2014 WL 4956243, *5 (Pa.Cmwlth. Oct. 3, 2014) ("litigants are required to exhaust adequate and available administrative remedies prior to resorting to judicial remedies.") (citations omitted); Hammond v. Chester Upland School Dist., 2014 WL 4473726, *10 (E.D.Pa. Sept. 09, 2014) ("Remedies must be pursued [by a professional employee

who was aggrieved by an action of the School Board] under the statutory procedure provided in the [PA] Public School Code before an action alleging state violations may be filed in court.').

Because plaintiff's state law claims all center on the validity of her demotion and the lack of process she was afforded, her recourse for them was an appeal to the Secretary. Thus, the court lacks jurisdiction over the state law claims, Counts I and III, since plaintiff failed to exhaust the remedies available to her under the School Code, and so these claims must be dismissed. The dismissal of these claims will be without prejudice.

In Kielbowick v. Ambridge Area School Bd.,156 Pa.Cmwlth. 356, 359, 627 A.2d 276, 278 (Pa.Cmwlth.1993), the Commonwealth Court stated:

> In Meck v. Carlisle Area School District, 155 Pa.Cmwlth. 469, 625 A.2d 203 (1993), we determined that the common pleas court improperly quashed an appeal which should have been brought before the Secretary. We concluded that the common pleas court, rather than quashing the appeal for lack of jurisdiction, should have transferred the matter to the Secretary in accordance with Section 5103 of the Judicial Code (Code), 42 Pa.C.S. § 5103(a). In construing Section 5103(a) in *Meck*, we held that the Secretary of Education is a tribunal within the meaning of Section 5103(d) of the Code.

(Footnotes omitted).

Section 5103(a), entitled Transfer of erroneously filed matters, provides in relevant part:

> If an appeal or other matter is taken to or brought in a court ... which does not have jurisdiction of the appeal or other matter  the

33

court ... shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth ... .

Section 5103(b)(1), pertains to federal cases and provides in relevant part:

Subsection (a) [§5103(a)] shall also apply to any matter transferred or remanded by any United States court for a district embracing any part of this Commonwealth.
..............
Where a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court for lack of jurisdiction, any litigant in the matter filed may transfer the matter to a court ... of this Commonwealth by complying with the transfer provisions set forth in [§5103(b)(2)].

It appears that the Secretary of Education, under §5103(a), would consider the filing date in this district court as if it were the Secretary's initial filing date. *See* Williams v. F.L. Smithe Mach. Co., Inc., 395 Pa.Super. 511, 515, 577 A.2d 907, 909 (Pa.Super. 1990).

Thus, the court shall dismiss plaintiff's state law claims for lack of jurisdiction, and the dismissal the state law claims shall be without prejudice to plaintiff's right to pursue her claims before the Secretary of Education since she can transfer her case to the Secretary. *See* Risich v. Bensalem Tp., 2005 WL 2850382, *2 (E.D.Pa. 2005) ("Once an order is entered by the federal court dismissing the matter for lack of jurisdiction, '[i]t is then incumbent upon the litigant to take further action under the statute [§5103] to move the case

34

to state court.'"). Title 42 Pa.C.S. §5103(a) of the Judicial Code allows the transfer of a case that has been brought before a trial court where jurisdiction lies with another "tribunal." The PA Commonwealth Court has held that the Secretary of Education is a "tribunal" for purposes of a §5103(a) transfer. *See* Meck, 625 A.2d at 206–07. Since the state law claims will be dismissed for lack of jurisdiction, plaintiff Donovan, under §5103, is permitted to transfer these claims to the proper state tribunal, *i.e.*, the Secretary of Education.

Therefore, plaintiff's state law claims asserted in Counts I and III are **DISMISSED WITHOUT PREJUDICE**.

### C.    PUNITIVE DAMAGES AND ATTORNEYS' FEES

Defendants move to dismiss plaintiff's claims for punitive damages and attorneys' fees. Only Count II of the amended complaint will remain in this case. In Count II, plaintiff requests compensatory damages and back pay, attorneys' fees, punitive damages against the individual defendants only, and any other relief the court deems appropriate. Further, plaintiff requests that she be reinstated to a position within the PASD equal to or greater than the position from which she was demoted. (Doc. 9, at 34).

As discussed, plaintiff can seek reinstatement of her prior position in her appeal to the Secretary of Education. Also, as indicated, plaintiff's due process claim under §1983 cannot be brought against the individual defendants in their official capacity. Thus, defendants state that "[t]his leaves

only a claim for punitive damages pursuant to the 14th Amendment [against the five board members] in their individual capacity." (Doc. 19, at 6). However, defendants contend that "plaintiff cannot maintain a 14th Amendment claim against the individual defendants in their individual capacity" since the 14th Amendment and §1983 only protect against violations by state actors. (Id., at 6-7).

Simply because the five board member defendants cannot be sued under §1983 in their official capacity since this claim is redundant of plaintiff's claim against PASD, this does not preclude such a claim against the board members in their individual capacity because they are still state actors for purposes of §1983. As noted above, the school district and the board members are state actors for purpose of §1983. *See* Kline ex rel. Arndt v. Mansfield, 454 F.Supp.2d 258, 262 (E.D.Pa. 2006); Goodwin v. Moyer, 549 F.Supp.2d 621, 630 (M.D.Pa. 2006) (court held that school district supervisory employees and Board of Directors acted under color of state law with respect to plaintiff's procedural due process claim by virtue of their positions under the Public School Code); Taylor v. Altoona Area School Dist., 513, F.Supp.2d 540, 570-71 (W.D.Pa. 2007) (court held that defendant school board members could be held liable under §1983 even if an action did not lie against the district and that "an individual can be liable under §1983 even where his or her employer is not named as a defendant") (citing Graham, 473 U.S. at 167–168, 105 S.Ct. at 3106) ("A victory in a personal-capacity action is a

36

victory against the individual defendant, rather than against the entity that employs him.").

Thus, the five board member defendants can be sued in Count II under §1983 in their individual capacity.

There is no question that plaintiff cannot seek punitive damages under §1983 against PASD and against the five board members in their official capacity. *See* Moffitt v. Tunkhannock Area School Dist., 2013 WL 6909958, \*10 (citing Doe v. County of Centre, PA, 242 F.3d 437, 455 (3d Cir.2001)). The question remains whether plaintiff has stated a claim for punitive damages against the five board members in their individual capacity.

In Burke v. TransAm Trucking, Inc., 605 F. Supp. 2d 647, 651-52 (M.D. Pa. 2009), the Court stated, "[p]unitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." Also, "punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct." (citing Hutchison v. Luddy, 582 Pa. 114, 870 A.2d 766, 770 (2005)). "The defendant's action or inaction must be intentional, reckless or malicious." Hutchison, 870 A.2d at 771. "Thus, in Pennsylvania, a punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious

37

disregard of that risk." Hutchison, 870 A.2d at 772.

At this stage of the case, the court shall allow plaintiff's claim for punitive damages in Count II against the five board members in their individual capacity.

Finally, if plaintiff prevails on her §1983 claim in Count II, she can seek attorneys' fees under §1988. Section 1988 provides: "In any action or proceeding to enforce a provision of sections ... 1983, 1985, and 1986 of this title ... the court, in its discretion, may allow the prevailing party, ... a reasonable attorney's fee as part of the costs ...." 42 U.S.C. §1988. Adams v. Teamsters Local 115, 678 F.Supp.2d 314, 318 (E.D.Pa. 2007).

## IV.   CONCLUSION

For the foregoing reasons, defendants' motion to dismiss plaintiff's amended complaint, (Doc. 11), is **GRANTED IN PART** and **DENIED IN PART**. Counts I and III of plaintiff's amended complaint, (Doc. 9), are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust statutory remedies. Plaintiff's 14th Amendment substantive due process claim in Count II is **DISMISSED WITH PREJUDICE**. Plaintiff's constitutional claim against PASD is **DISMISSED WITHOUT PREJUDICE** to file a second amended complaint to properly state her procedural due process claim against this defendant under *Monell*. Plaintiff's claims against the five board of education members in their official capacity are **DISMISSED WITH PREJUDICE**. Plaintiff's 14th

Amendment procedural due process claim in Count II is **PERMITTED TO PROCEED** as against the five board of education members in their individual capacity. Plaintiff's claim for punitive damages in Count II against the five board members in their individual capacity is **PERMITTED TO PROCEED**. Plaintiff's claim for attorneys' fees in Count II is **PERMITTED TO PROCEED**. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: June 17, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1657-02.wpd