**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JANET DONOVAN** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 14-1657** |
| **v.** | : | |
| | : | |
| **PITTSTON AREA SCHOOL DISTRICT,** | : | |
| *et al.*, | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                    OCTOBER 31, 2016

# MEMORANDUM OPINION

## INTRODUCTION

Before this Court are a motion for summary judgment filed pursuant to Federal Rule of

Civil Procedure (Rule) 56 by Defendants Anthony Guariglia, Bruce Knick, Kent Bratlee, John

Donahue and Charles Sciandra (collectively, "Defendants"), seeking to dismiss the remaining

civil rights claim against them premised on 42 U.S.C. §1983 ("§1983"), [ECF 44-46], and a

response in opposition filed by Janet Donovan ("Plaintiff").  [ECF 49-51, 53].  The issues

asserted in the motion for summary judgment have been fully briefed and are ripe for disposition.

For the reasons stated herein, Defendants' motion is granted.

## BACKGROUND

Originally, Plaintiff filed this case in the Luzerne County Court of Common Pleas against

the Pittston Area School District (the "District") and Defendants, in their individual capacities

and as members of the Pittston Area Board of Education (the "Board").  Defendants removed the

case to the United States District Court for the Middle District of Pennsylvania.  [ECF 1].  On

October 14, 2014, Defendants filed a motion to dismiss.  [ECF 11, 12].   On June 17, 2015, the

Court issued an Order and Opinion which granted, *in part*, Defendants' motion and dismissed

Counts I and III of Plaintiff's amended complaint for failure to exhaust statutory remedies, and

dismissed, with prejudice, Plaintiff's Fourteenth Amendment substantive due process claim in

Count II. [ECF 27, 28]. As a consequence, Plaintiff's only claim remaining is her procedural due

process allegations in Count II against the five named Defendants in their individual capacities.

On January 25, 2016, Defendants filed the instant motion for summary judgment which

Plaintiff opposes.[1] When ruling on a motion for summary judgment, a court must consider all

record evidence and supported relevant facts in the light most favorable to the non-moving party,

*i.e.*, Plaintiff. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Galena v. Leone*,

638 F.3d 186, 196 (3d Cir. 2011). Here, these relevant facts are summarized as follows:[2]

> Plaintiff was hired by the Pittston Area School District in 2009 as the
> Principal in Charge of Curriculum for Grades Kindergarten through 12th Grade.
> (Defendants' Statement of Facts ("SOF") ¶19). Among her duties, Plaintiff
> collaborated with other District principals, department chairs, and teachers to
> ensure the design and implementation of curriculum, (*Id*. at ¶21), and collected
> information to submit to federal programs. (*Id*. at ¶22).

> On August 13, 2012, Jack Lussi advised Plaintiff about the potential for
> her being transferred to a new position. (*Id*. at ¶31). Plaintiff also received a call
> from Board member Bob Linsky about the potential move. (*Id*. at ¶32).

> On August 14, 2012, the Board held a meeting during which Plaintiff's
> administrative position with the District was addressed. Prior to the vote, Plaintiff
> was asked to "explain [her] position as principal in charge of curriculum." (Pltf.
> Deposition Transcript at 122; SOF at ¶41). Plaintiff addressed the Board and
> made a presentation in which she "explained everything to them . . . ." (Pltf.
> Deposition Transcript at 125; SOF at ¶41). Plaintiff offered to do her current
> position as well as the new position, (SOF at ¶43), and stated that she would do
> what the Board asked her to do. (*Id*. at ¶99). Defendants voted to appoint
> Plaintiff as the *Intermediate Center Principal* for the 2012-2013 school year. (*Id*.
> at ¶44).

---

[1]   This matter was reassigned to the undersigned by Order dated May 31, 2016. [ECF 59].

[2]   Most of these facts are taken from the parties' respective statements of facts and/or responses
thereto. To the extent facts are disputed, such disputes are noted, and if material, pursuant to Rule 56,
will be construed in the light most favorable to Plaintiff.

Plaintiff contends this new appointment constituted a demotion since it involved less administrative duties and responsibilities.[3]  By letter dated September 19, 2012, the District's counsel, John Audi, asked whether Plaintiff was "interested" in having a hearing.  (*Id*. at ¶¶46, 51).  On October 1, 2012, Plaintiff's then-counsel responded by letter that Plaintiff was "interested in" having a hearing.  (*Id*. at ¶51).  Despite being advised by the Pittston Area School District Solicitor that she was entitled to a hearing, no hearing was ever held.  (*Id*. at ¶52).

Although in her new administrative position, Plaintiff suffered no change or loss in salary or benefits,[4] (Pltf. Deposition Transcript 190-92), she contends that her responsibilities changed.  (Pltf.'s Resp. at ¶60).

Plaintiff did not file any type of complaint or appeal with the Secretary of Education challenging the decision of the Board.  (*Id*. at ¶61).

## LEGAL STANDARD

Rule 56 governs the summary judgment motion practice and provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Under

---

[3]    In their motion for summary judgment, Defendants do not challenge Plaintiff's contention that her new assignment was a demotion.  Under Pennsylvania law, a "demotion" under the School Code is "a reassignment to a position which has less authority, prestige or salary."  *Dotterer v. Sch. Dist. of City of Allentown*, 92 A.3d 875, 881 (Pa. Commw. Ct. 2014).

[4]    Plaintiff contends that her salary and benefits were "affect[ed]" in that the change prevented her from moving into another administrative position with a concomitant increase in salary.  As support for this contention, Plaintiff relies exclusively on paragraphs 7 and 8 of the affidavit of Joseph Kelly, a Board member.  Neither the cited paragraphs nor any others contained in the cited affidavit support Plaintiff's contention that her salary and benefits were adversely affected by her change in position.  Moreover, Plaintiff has provided no evidence to refute her own testimony, described more fully below, that her salary and benefits were not affected.

Rule 56, the court must view the evidence in the light most favorable to the non-moving party. *Galena*, 638 F.3d at 196.

Rule 56(c) provides that the movant bears the initial burden of informing the court of the basis for the motion and identifying those portions of the record which the movant "believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden can be met where the nonmoving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case." *Id*. at 322.

After the moving party has met its initial burden, summary judgment is appropriate if the nonmoving party fails to rebut the moving party's claim by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" that show a genuine issue of material fact or by "showing that the materials cited do not establish the absence or presence of a genuine dispute . . . ." *See* Rule 56(c)(1)(A-B). The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986). The nonmoving party may not rely on bare assertions, conclusory allegations or suspicions, *Fireman's Ins. Co. of Newark v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982), nor rest on the allegations in the pleadings. *Celotex*, 477 U.S. at 324. Rather, the nonmoving party must "go beyond the pleadings" and either by affidavits, depositions, answers to interrogatories, or admissions on file, "designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. That is, when a properly supported motion for summary judgment is made, the adverse party may not rest upon mere allegation or denials of his pleading, but must set forth specific facts

showing that there is a genuine issue for trial.  However, credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are tasks properly reserved for the jury.

## DISCUSSION

In the remaining claim, Plaintiff asserts that Defendants violated her procedural due process rights guaranteed by the Fourteenth Amendment when, acting in their respective roles on the Board, they voted to demote Plaintiff from her position of *Principal in Charge of Curriculum for Grades Kindergarten through 12th Grade* to *Intermediate Center Principal* without first providing her a hearing.  Defendants move for summary judgment on this claim on two fronts: (1) that Plaintiff has failed to demonstrate that the alleged "demotion" constituted a deprivation of a constitutionally-protected property or liberty interest; and (2) that Plaintiff failed to avail herself of state-provided remedies which provide adequate due process protection.  This Court will address each of these arguments below.

In general, to maintain a claim under §1983, a plaintiff must show a violation of a right secured by the Constitution and/or laws of the United States, and that the alleged violatoin was committed by a person acting under color of state law.  *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Morrow v. Balaski*, 719 F.3d 160, 165-66 (3d Cir. 2013).  Section 1983 does not provide substantive rights, but instead, "provides a remedy for the deprivations of rights established elsewhere in the Constitution or federal laws."  *Kopec v. Tate*, 361 F.3d 772, 775-76 (3d Cir. 2004).  Thus, to establish a §1983 violation, Plaintiff must present sufficient evidence to show that Defendants, acting under color of state law, deprived Plaintiff of a right secured by the Constitution and/or the laws of the United States.  *See Robb v. City of Philadelphia*, 733 F.2d 286, 290-91 (3d Cir. 1984).  Here, for purposes of §1983, it is undisputed

that Defendants, school board members, are state actors.  *See Daniels v. Sch. Dist. of Philadelphia*, 982 F.Supp.2d 462, 477 (E.D. Pa. 2013); *Mohammed v. Sch. Dist. of Philadelphia*, 355 F.Supp.2d 779, 782 (E.D. Pa. 2005).

Plaintiff asserts that her due process protections under the Fourteenth Amendment of the Constitution were violated because she was not provided a hearing either prior to or after her demotion.  The Fourteenth Amendment forbids a state from depriving a person of life, liberty or property without due process of law.  U.S. Const. amend. XIV, §1.  To maintain a claim for the deprivation of procedural due process, Plaintiff must show that: (1) she was deprived of an individual interest encompassed within the Fourteenth Amendment's protection of life, liberty or property; and (2) the procedures available to her did not provide due process of law.  *Biliski v. Red Clay Consol. Sch. Dist. Bd. of Educ.*, 574 F.3d 214, 219 (3d Cir. 2009); *Hill v. Borough*, 455 F.3d 225, 233-34 (3d Cir. 2006).

### *Constitutionally Protected Property Interest*

In their first argument, Defendants contend that Plaintiff's procedural due process claim must be dismissed because she has not, and cannot, establish a deprivation of a constitutionally protected property interest.  This Court agrees.

In order to have a property interest in one's employment, an individual must "have a legitimate claim of entitlement to it."  *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972).  Property interests "are not created by the Constitution, 'they are created and their dimensions are defined by existing rules or understanding that stem from an independent source such as state law . . . .'"  *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985) (citations omitted).

Under the law of this Commonwealth, "[a] local government in Pennsylvania cannot provide its employees with tenure status unless there exists express legislative authority for

doing so." *Elmore v. Cleary*, 399 F.3d 279, 282 (3d Cir. 2005) (citing *Stumpp v. Stroudsburg Mun. Auth.*, 658 A.2d 333, 334 (Pa. 1995)).   Under certain circumstances, the Pennsylvania legislature has granted professional employees (like Plaintiff here) tenure status and, thereby, a protected property interest in their jobs.  *See* 24 P.S. §11-1122.  Consequently, school districts in Pennsylvania may not ***terminate*** professional employees, such as Plaintiff, except for specific enumerated causes.  *Id.*  Therefore, "public school employees have a [due process] property right in their expectation of ***continued employment***."  *Lewis v. Sch. Dist. of Philadelphia*, 690 A.2d 814, 817 (Pa. Commw. Ct. 1997) (emphasis added).

Here, it is undisputed that Plaintiff has not been deprived of "continued employment" as she continues to work on a full-time basis for the District.  Accepting Plaintiff's argument, she was, at most, demoted.  Based on these facts, the inquiry is whether Plaintiff has a constitutionally protected property interest in her former position with the school district, such that it could not be changed without due process.  Under the governing law of this Circuit, Plaintiff does not have such a property interest.

Notably, Plaintiff has not cited to a single case, nor is this Court aware of any, in which a court has held that a school administration employee has a constitutionally protected property interest in a particular position or in not being demoted.  To the contrary, all of the substantive cases on which Plaintiff relies involved plaintiffs who were terminated, not demoted, from their positions.  Although certain public employees have a constitutionally protected property interest in not being *terminated* from their employment, neither the United States Supreme Court nor the Third Circuit Court of Appeals has held that those same public employees have a property interest to keep a particular employment position or to not be demoted from a particular employment position.  *See, e.g.*, *Gilbert v. Homar*, 520 U.S. 924 (1997) (recognizing that the

Supreme Court has "not had occasion to decide whether the protections of the Due Process Clause extend to discipline of tenured public employees short of termination . . . .").

Though the Third Circuit has not addressed the precise issue before this Court, it has held in similar situations that a public employee is not deprived of a constitutionally protected property interest when the employee was not terminated but rather was assigned different, less desirable job responsibilities or transferred.  For example, in *Ferraro v. City of Long Branch*, 23 F.3d 803 (3d Cir. 1994), the plaintiff, a public employee, asserted a §1983 claim premised upon his allegation that his public employer changed his duties from "largely managerial and administrative," to duties more in line with manual labor and without supervisory responsibilities.  *Id*. at 806.  The plaintiff conceded that his salary and benefits did not change. *Id*.  The Third Circuit held that employment actions that merely affect the terms and conditions of a public employee's employment, but fall short of termination or constructive termination, do not implicate the employee's property interest in continued employment. *Id.* at 806-07. Therefore, the state is not required to provide due process before making decisions that merely affect the terms and conditions of employment.  *Id*.  As the Third Circuit noted:

> if we considered that a mere change in work assignment deprived an employee of a property interest, as a practical matter we would be federalizing routine employment decisions.  Additionally, under the guise of protecting employees' rights, we would be erecting a barrier to ordinary management determinations regarding the assignment and duties of employees.

*Id.* at 806.  The Third Circuit therein also cited with approval a decision of the Eleventh Circuit Court of Appeals that held that the transfer of a police officer that involved no loss of pay or loss of rank did not deprive a plaintiff of a protected property or liberty interest.  *Id*. at 807 (citing *Oladeinde v. City of Birmingham,* 963 F.2d 1481 (11th Cir. 1992)).  Other examples of employment decisions that have been held not to implicate an employee's due process rights are:

changing an employee's work assignment without reducing his salary or benefits, *id*.; placing a police officer on administrative duty and precluding him from working extra shifts and overtime, *Izquierdo v. Sills*, 68 F. Supp.2d 392, 420 (D. Del. 1999); and demoting an employee in title without reducing his salary, *Royster v. Bd. of Trs. of Anderson County Sch. Dist. No. Five*, 774 F.2d 618, 621 (4th Cir. 1985). *See also Burnett v. Sch. Dist. of Cheltenham Twp.*, 2006 WL 2034700, at \*13 (E.D. Pa. July 19, 2006) (holding that public employee who was assigned to a new position, but retained the same salary and benefits, could not maintain a procedural due process claim).

In *Ferraro*, the Third Circuit also cited to its decision in *Rode v. Dellarciprete*, 845 F.2d 1195 (3d Cir. 1988), which is persuasive here. In *Rode*, a public employee brought a §1983 action against her employer, alleging that her equal protection rights were violated when she was transferred to another less desirable position at her preexisting salary and benefit level. Rejecting the plaintiff's claim, the Third Circuit held that "[e]mployment decisions such as those at issue here, which do not terminate or abridge [the employee's] employment contract, and which could be litigated in state tribunals, do not constitute deprivations of property interests under the fourteenth amendment." *Id.* at 1205.[5] Further, the United States Supreme Court has similarly held that federal courts are "not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies." *Bishop v. Wood*, 426 U.S. at 349.

Here, like the plaintiffs in both *Ferraro* and *Rode*, Plaintiff was neither terminated nor constructively discharged but, rather, was reassigned to a different position. Though Plaintiff's

---

[5] In her opposition brief, Plaintiff argues that *Rode* is inapposite here because the plaintiff in that case asserted equal protection claims, rather than due process claims. Plaintiff's argument in this regard is misplaced, since both claims require a plaintiff to demonstrate the deprivation of a constitutionally protected property interest. (Pltf. Brief at 10).

new position may be less desirable and may entail fewer responsibilities than her previous position, Plaintiff retained the same salary and benefits, facts Plaintiff conceded during her deposition.

> Q.    But what I'm saying is the move from director or, excuse me, principal of curriculum to Intermediate Center principal didn't change your salary?
>
> A.    No, it did not.
>
> ***
>
> Q.    Are you aware of anywhere that your benefits changed in any way due to that vote on August 14th of 2012?
>
> A.    No, it did not.

(Donovan Dep. Tr. at p. 190-91).  Nowhere has Plaintiff argued, nor could she, that she was somehow constructively discharged.  Therefore, under the established case law of this Circuit, this Court finds that Plaintiff was not deprived of a constitutionally protected property interest.

### *Constitutionally Protected Liberty Interest*

Though Plaintiff argues in her opposition brief that she was also deprived of a liberty interest, she provides no argument or support for the existence of such a liberty interest here. Indeed, Plaintiff does not even plead such a deprivation in her amended complaint.  In this Court's opinion, therefore, any such deprivation claim has been waived. [6]

---

[6]    This Court notes that in the decision addressing Defendants' motion to dismiss Plaintiff's first amended complaint, the Honorable Malachy E. Mannion agreed in part to some contentions but found that Plaintiff had "sufficiently alleged a deprivation of a protected liberty or property interest," and allowed her to file a second amended complaint.  *Donovan v. Pittston Area School Dist.*, 2015 WL 3771420, at *9 (E.D. Pa. June 17, 2015).  Judge Mannion's decision was limited to the allegations contained in Plaintiff's first amended complaint, not the currently operative second amended complaint. In her second amended complaint, however, Plaintiff does not assert a procedural due process claim premised on the deprivation of a liberty interest.  Rather, Plaintiff limits her procedural due process claim to the alleged deprivation of a property interest.  [*See* ECF 30, Count II].  As such, Plaintiff has not properly made a deprivation of a liberty interest part of her claim.

Notwithstanding this waiver, this Court will address the liberty interest claim as if filed. A procedural due process claim premised on the deprivation of a liberty interest, recognized in this Circuit, is premised on an alleged harm to a public employee's liberty interest in her reputation caused by her public employer's adverse employment action. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 235 (3d Cir. 2006).   While injury to one's reputation alone is not a "liberty" interest protected by the Fourteenth Amendment, stigma to one's reputation accompanied by the deprivation of present or future employment may constitute such a protected "liberty" interest. *Robb v. City of Philadelphia*, 733 F.2d 286, 294 (3d Cir. 1994).

To maintain such a claim, a plaintiff must show a stigma to her reputation and a deprivation of some additional right or interest. *Hill*, 455 F.3d at 236.  This is referred to as the "stigma plus" test. *Id*.  To satisfy the "stigma" element of the test, Plaintiff must show that her public employer made stigmatizing statement(s) that (1) were made publicly and (2) were false. *Id.*  The disputed stigmatizing statements must also have harmed Plaintiff.  *Ersek v. Township of Springfield*, 102 F.3d 79, 84 (3d Cir. 1996).  To satisfy the "plus" element of the test, Plaintiff must show the alteration or extinguishment of a right or status previously recognized by state law. *Hill*, 455 F.3d at 237.   While courts have found the "plus" element met where a public employee has been terminated, this Court is unaware of any case in which a court has found this element met by a public employee's demotion.

Plaintiff makes no attempt in her response to Defendants' summary judgment motion to meet the above-described test.  She fails to point to or provide any evidence of any actual statements made by any of the Defendants on which her "stigma" claim could be premised. Without the statements, no assessment can be made as to whether, even construed in Plaintiff's favor, such statements could have a stigmatizing effect on her reputation.  In addition, while a

"[d]enial of continued public employment can also constitute deprivation of a liberty interest," *Baraka v. McGreevey*, 481 F.3d 187, 209 (3d Cir. 2007), Plaintiff has not been denied continued public employment.   Therefore, under these circumstances, Plaintiff has failed to meet her summary judgment burden and, therefore, any claim for the deprivation of a liberty interest fails as a matter of law.

### *Failure to Avail State Procedures*

Defendants contend that Plaintiff's claim fails because she did not avail herself of the available state process and remedies.  This Court agrees.

As a matter of law, constitutionally adequate procedural due process exists when a state provides reasonable remedies to rectify an alleged legal error by a local administrative body.  *See MFS, Inc. v. DiLazaro*, 771 F.Supp.2d  382, 436 (E.D. Pa. 2011), *aff'd*, 476 F. App'x 282 (3d Cir. 2012) (citing *Cohen v. City of Philadelphia*, 736 F.2d 81, 86 (3d Cir. 1984)).  When a state affords a mechanism with which to challenge an administrative decision, adequate procedural due process is provided, whether or not the plaintiff avails him/herself of the mechanism.  *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000).  As the Third Circuit held in *Alvin*:

> In order to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate.   "[A] state cannot be held to have violated due process requirements when it has made procedural protection available and the plaintiff has simply refused to avail himself of them."   A due process violation "is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process."  If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants.

*Id.* (citations omitted).

Here, Plaintiff readily admits that the statute on which she relies, 24 Pa. Cons. Stat. §11-1151, provides a process by which a school district employee can challenge an adverse decision

by the board through appeal.   The section of the School Code, entitled "Salary increases; demotions," provides, in its relevant part:

> there shall be no demotion of any professional employe either in salary or in type of position, except as otherwise provided in this act, without the consent of the employe, or, if such consent is not received, then such demotion shall be subject to the right to a hearing before the board of school directors and an appeal in the same manner as hereinbefore provided in the case of the dismissal of a professional employe [(requiring an appeal to the Secretary under Section 1131 of the School Code, 24 Pa. Cons. Stat. 11-1131)].

*Id.*; *see also Dotterer v. Sch. Dist. of City of Allentown*, 92 A.3d 875, 881 (Pa. Commw. Ct. 2014).

Under this statute, the Pennsylvania Secretary of Education (the "Secretary") "is vested with the authority to hear appeals brought by professional employees aggrieved by the board of school directors." *Katruska v. Bethlehem Center Sch. Dist.*, 767 A.2d 1051, 1054 (Pa. 2001); *see also* 24 Pa. Cons. Stat. §11-1131.   The School Code sets forth an administrative process for challenging demotions, culminating in a disposition by the Secretary, and a statutory remedy.   24 Pa. Cons. Stat. §11-1131.   Integral to this process, in the event that an employee is denied a demotion hearing, the employee may appeal to the Secretary for a *de novo* review.   *Dotterer*, 92 A.3d at 882-83 (holding that where an assistant principal was demoted without a hearing, proper remedy is an appeal to the Secretary, who can order reinstatement with back pay); *see also Black v. Bd. of Dirs. of West Chester Area Sch. Dist.*, 510 A.2d 912, 915 (Pa. Commw. Ct. 1986) (same); *Norwin Sch. Dist. v. Chlodney*, 390 A.2d 328 (Pa. Commw. Ct. 1978) (same); *Belasco v. Bd. of Public Ed.*, 510 A.2d 337 (Pa. 1986).   An employee can appeal the decision of the Secretary to state court.   *See* 24 Pa. Cons. Stat. §11-1132.   Significantly, the Pennsylvania Supreme Court has held that this process, which culminates in a *de novo* review by the Secretary, "ensures that the requirements of due process are satisfied."   *Katruska*, 767 A.2d at 1056.

The Third Circuit has held that a plaintiff cannot sustain a procedural due process claim where the plaintiff has failed to take "advantage of [her] right to a post-deprivation hearing before an impartial tribunal that can rectify any possible wrong committed by the initial decisionmaker." *McDaniels v. Flick*, 59 F.3d 446, 460 (3d Cir. 1995); *see also Dykes v. SEPTA*, 68 F.3d 1564, 1571 (3d Cir. 1995) (noting "[w]here a due process claim is raised against a public employer, and grievance and arbitration procedures are in place, we have held that those procedures satisfy due process requirements 'even if the hearing conducted by the Employer . . . [was] inherently biased.'").   Here, Plaintiff, like the plaintiff in *McDaniels*, had the right to appeal the Board's decision/action to the Secretary.   *See* Pa. Cons. Stat. §11-1151.   Under the circumstances, the state afforded Plaintiff a mechanism to challenge the Board's actions and to sufficiently protect any property rights she had in her position, and she failed to adhere to the process.   Therefore, consistent with the holdings of *McDaniels* and *Dykes*, Plaintiff's procedural due process claim fails.[7]   *See also Rode*, 845 F.2d at 1205 (holding that employment decisions

---

[7]     Even if Plaintiff's deprivation claims were viable, which they are not, Plaintiff has failed to demonstrate a lack of requisite due process.   In *Loudermill*, the U.S. Supreme Court held that a public employee with a property interest in employment is entitled to a pretermination hearing prior to an action of removal.   *Loudermill*, 470 U.S. at 546.   However, "the pretermination 'hearing,' though necessary, need not be elaborate," nor "definitively resolve the propriety of the discharge," rather, "[i]t should be an initial check against mistaken decisions – essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." *Id*. at 545-46.   In a pretermination hearing, an employee is entitled to "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present [employee's] side of the story." *Id*. at 546.   Notice is deemed sufficient if it apprises the employee of the nature of the charges, the general evidence against the employee, and is timely, under the particular circumstances of the case.   *Gniotek*, 808 F.2d at 244.   Here, in light of Plaintiff's own admissions and deposition testimony, Plaintiff received all the due process owed her prior to her demotion.   Plaintiff admitted that prior to the Board meeting, she was advised of the potential for her being transferred to a new position.   (*See* Pltf's Response to Statement of Material Facts ¶31, 32).   Her deposition testimony also establishes that she was provided notice of her demotion and the evidence against her, as well as given an opportunity to respond and present her side of the story.

that do not terminate the employee's employment do not constitute deprivation of property interest if decision can be "litigated in state tribunals . . . .").

**CONCLUSION**

For the reasons set forth, Defendants' motion for summary judgment is granted, and Plaintiff's remaining claim is dismissed with prejudice.   An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, J.

---

(*See* Pltf. Dep. Tr. 122-25).   She was given an opportunity to "make a presentation," during which she "explained everything to them." (*Id*.).   Under established case law, even if Plaintiff had a constitutionally protected property interest in her particular position (as opposed to continued employment), Plaintiff was given all of the due process she was entitled to receive prior to her demotion.  Thus, no procedural due process violation occurred.